**Paul Harry KING, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

No. 74–1517.

United States Court of Appeals, Sixth Circuit.

March 4, 1975.

**354**

Paul Harry King, pro se.

Eugene E. Siler, Jr., U. S. Atty., Lexington, Ky., James F. Cook, Robert M. Murphy, Asst. U. S. Attys., for respondent-appellee.

Before PHILLIPS, Chief Judge, and PECK and LIVELY, Circuit Judges.

### ORDER

This appeal from the denial of a motion to vacate sentence under 28 U.S.C. § 2255 has been assigned to a panel of the court pursuant to Rule 3(e), Rules of the Sixth Circuit. The petitioner was convicted of four counts of mail fraud in violation of 18 U.S.C. § 1341 "as part of a scheme and artifice to defraud." The proof at his trial revealed that petitioner mailed falsified applications for credit cards to various issuers of such cards and after receiving them, used the cards to obtain property and money. In this proceeding petitioner maintains that the decision in United States v. Maze, 468 F.2d 529 (6th Cir. 1972), aff'd, 414 U.S. 395, 94 S.Ct. 645, 38 L.Ed.2d 603 (1974), requires that his conviction be set aside.

In *Maze*, the defendant stole a credit card and obtained property and money with it. The only use of the mails occurred after he had obtained the credit when the creditor sent the charges through the mails to the issuer of the credit card for collection. This court and the Supreme Court held that Section 1341 does not reach every unauthorized use of a credit card where the only use of the mails is to complete the billing process. In petitioner's case the mails were used as the first step in executing a "scheme or artifice" for obtaining money or property by false or fraudulent pretense, and the holding in *Maze* does not apply.

Upon consideration of the entire record, including the briefs of the parties, the court concludes that the questions on which decision of this cause depends are so unsubstantial as not to require further argument. Rule 8, Rules of the Sixth Circuit.

The judgment of the district court is affirmed.